IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY J. DENOMA, | ) | CASE NO. 3:20-cv-227 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| OHIO DEPARTMENT OF | ) | JONATHAN D. GREENBERG |
| REHABILITATION and | ) | |
| CORRECTION, | ) | **REPORT & RECOMMENDATION** |
| | ) | **(Doc. Nos. 1, 9 & 14) & ORDER (Docs. No.** |
| Respondent. | ) | **11, 12 & 13)** |

This matter is before the magistrate judge pursuant to Local Rule 72.2. Before the Court is the Petition of Anthony J. DeNoma ("DeNoma" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Until February 4, 2020, DeNoma was in the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") pursuant to journal entry of sentence in the case *State v. DeNoma*, Nos. B 9501322 and B 9502232. DeNoma served his full sentence, and was given his release papers on February 2, 2020. (Doc. No. 9-1, Ex. 22.) Currently pending are the Respondents' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1); the Petitioner's Motion for Appointment of Counsel; and the petitioner's Request for Judicial Notice. (Doc. Nos. 9, 11, 12.) For the following reasons, the undersigned recommends that Motion for Appointment of Counsel

be DENIED, and the Respondents' Motion to Dismiss (Doc. No. 9) be GRANTED.

## I. Procedural History

**A.    Trial Court Proceedings**

On February 21, 1995, the Hamilton County Grand Jury indicted DeNoma on the charge of one count of gross sexual imposition in violation of Ohio Revised Code §2907.05, under the case number B9501322. (Doc. No. 9-1, Ex. 1.)

On March 10, 1995, DeNoma was indicted on the charge of one count of rape in violation of Ohio Revised Code §2907.02 and one count of felonious sexual penetration in violation of Ohio Revised Code §2907.12 against a person less than thirteen years old, under case number B 9502232. (*Id.* at Ex. 2.)

On April 6, 1995, DeNoma withdrew his former pleas of not guilty and entered a plea of guilty to all charges in both Case No. B 9501322 and Case No. B9502232.[1]  (*Id.* at Ex. 3, 4.)  The trial court proceeded to sentencing and imposed two years of incarceration for DeNoma's conviction of gross sexual imposition in Case No. B 9501322 and ten to twenty-five years on each count in Case No. B 9502232, rape and felonious sexual penetration, to be served concurrently to each other and concurrently to the sentence imposed in Case No. B 9501322. (*Id.*)

On October 5, 2001, the trial court made a sexual predator determination, finding DeNoma was not a sexual predator. (*Id.* at Ex. 5.)

DeNoma did not pursue direct review of his convictions or sentence.

---

[1]This plea was pursuant to an agreement in which the State removed the force allegation from Count 2, felonious sexual penetration, in case number B9502232.

**B.     Motion for Relief from Community Notification**

On February 19, 2008, DeNoma, proceeding *pro se*, filed a motion in the Hamilton County Court of Common Pleas seeking immediate relief from community notification as required by Ohio Revised Code §2950.11(F)(2). (*Id*. at Ex. 6.) In the accompanying memorandum of law, he asserted that community notification constituted an additional punishment and violated the Double Jeopardy Clauses of the U.S. Constitution and the Ohio Constitution. (*Id*.)

On October 28, 2008, the Hamilton County Court of Common Pleas found that DeNoma proved by clear and convincing evidence he was not subject to community notification under Ohio Revised Code §2950.11 and granted his motion for immediate relief from community notification pursuant to Ohio Revised Code §2950.11. The court, however, did find DeNoma was required to register as a Tier III offender as set out in Ohio Revised Code §§2950.04, 2950.05 and 2950.06. (*Id*. at Ex. 7.)

On November 20, 2008, DeNoma filed a notice of appeal to the First District Court of Appeals, Hamilton County, Ohio. (*Id*. at Ex. 8.) The State moved the appellate court to dismiss the case arguing the appellate court lacked jurisdiction since, pursuant to Ohio Revised Code §2950.031(E), petitions contesting reclassification and new registration requirements must be filed in the county where the petitioner resides. (*Id*. at Ex. 9.)

On January 29, 2009, the state appellate court granted the State's motion and dismissed the appeal. (*Id*. at Ex. 10.)

On June 3, 2009, the Supreme Court of Ohio declined jurisdiction and dismissed DeNoma's appeal as not involving any substantial constitutional question. (*Id*. at Ex.11.)

**C.     Petition to Contest Classification**

On September 16, 2008, DeNoma filed a *pro se* petition to contest reclassification in the Ross County Court of Common Pleas, Ross County, Ohio. (*Id*. at Ex. 12.)

On November 25, 2008, the common pleas court determined that DeNoma received legally-required notice of his sexual offender classification on January 2, 2008,[2] and dismissed DeNoma's petition to contest reclassification for failure to comply with the timing requirements set forth in Ohio Revised Code Section 2950.031(E).[3] (*Id*. at Ex. 13.)

On January 12, 2008, The Fourth District Court of Appeals, Ross County, Ohio, affirmed the judgment of the trial court dismissing the petition contesting reclassification. (*Id*. at Ex. 27.)

On January 15, 2009, DeNoma's motion for reconsideration was overruled. *(Id*. at Ex. 14.)

On March 10, 2010, the Supreme Court of Ohio denied DeNoma's motion for leave to appeal the appellate court's decision and dismissed the appeal as not involving any substantial constitutional question. (*Id*. at Ex. 15.)

**D.     Delayed Direct Appeal and Ohio App. R. 26(B) Application to Reopen**

On October 15, 2014, DeNoma filed a notice of appeal to the First District Court of Appeals, Hamilton County, Ohio challenging his convictions in case numbers B 9501322 and B 9502232, with a motion for leave to file delayed appeal consolidated with reopening of appeal pursuant to

---

[2] The court of common pleas based this conclusion on the fact that "[t]he petition to contest reclassification specifically states that the petitioner was served with Notice from the Ohio Attorney General on January 2, 2008." (Doc. No. 9-1, Ex. 13.)

[3]    Ohio Revised Code § 2950.031(E) requires that offenders who wish to contest the application of the sexual offender registration requirements "not later than the date that is sixty days after the offender or delinquent child received the registered letter sent by the attorney general pursuant to division (A)(2) of this section."

4

App.R. 26(B), and a motion for consolidation of this appeal with his former appeal, case number C-0801178. (*Id*. at Ex. 16, 17.)

The State filed a brief in opposition to the delayed appeal and delayed application for reopening, arguing that DeNoma did not provide an adequate reason for failing to file a timely appeal. (*Id*. at Ex. 18.)

On October 29, 2014, the First Appellate District Court of Ohio found that DeNoma's motion for delayed appeal was not well taken and overruled it for failing to provide an adequate reason for his tardiness. (*Id*. at Ex. 19.) DeNoma's application to reopen his appeal pursuant to App. R. 26(B) was also overruled for not providing adequate reasons for failing to timely file the application. (*Id*. at Ex. 20.)

On January 28, 2015, the Supreme Court of Ohio declined to accept jurisdiction of DeNoma's appeal pursuant to S. Ct .Prac. R. 7.08(B)(4). (*Id*. at Ex. 21.)

On October 5, 2015, the Supreme Court of the United States denied DeNoma's petition for writ of certiorari. (*Id*. at Ex. 31.)

**E.    Release from ODRC custody**

On February 4, 2020, DeNoma completed his maximum sentence and was released from the custody of the Ohio Department of Rehabilitation and Corrections. (*Id*. at Ex. 22.)

**F.    Federal Habeas Petition**

On January 22, 2020, DeNoma filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**:  Violations of the United States Constitution Separation of Powers Doctrine Article I, Section 10 Ex Post Facto, Attainder and Contract Clause.

> **Supporting Facts**: <u>Ex Post Facto</u> Deprivation of reasonable expectation civil rights of final judgment immunity and Sixth Amendment Pleas Agreement Contract civil rights of April 6, 1995 Case-law rehabilitation legal status as a first-time offender exempt from sex offender registration and substantive statutory entitlements and terms of irrevocable Good-time and Earned-credit sentence deductions.
>
> **GROUND TWO**: Deprivation of Equal Protection of Fifth, Sixth and Fourteenth Amendment [sic] substantive and procedural Due Process of Law.
>
>> **Supporting Facts**: I was unconstitutionally deprived of Equal Protection from retroactive laws, depriving me of my final judgment civil rights substantive and procedural Due Process Case-Law first-time offender Legal status exemption from sex offender registration, and statutory rehabilitation Good-time and Earned-credit sentence deduction entitlement terms of my Sixth Amendment pleas Agreement Contract.
>
> **GROUND THREE**: Violations of the United States Constitution Fifth Amendment Double Jeopardy Clause.
>
>> **Supporting Facts**: After my April 6, 1995 final judgments, I was unconstitutionally further disadvantaged, disenfranchised and jeopardized by multiple successive proceedings and administrative actions conducted by both the State and the County of Hamilton.
>
> **GROUND FOUR**: Violations of the United States Constitution Eighth Amendment Cruel and Unusual Punishment Clause.
>
>> **Supporting Facts**: Excessive imprisonment 18 years beyond my October 2001 statutory parole release date, and subjection to Ex Post Facto post-release new law sex offender registration policies depriving me of my case-law legal status business and property rehabilitation civil rights, and unreasonably endangering my life, health and safety, by retaliation, extortion, and intimidation tactics.

(Doc. 1 at 5-10.)

On May 21, 2020, the Ohio Department of Rehabilitation and Correction ("Respondent") filed a Motion to Dismiss. (Doc. No. 9.) DeNoma filed a Traverse on June 18, 2020. (Doc. No. 10.)

On June 18, 2020, DeNoma filed a Motion for Appointment of Counsel. (Doc. No. 11.) Respondent did not oppose this motion.

On September 14, 2020, De Noma filed a Motion for Judicial Notice, asking the court to take judicial notice of prior decisions in *Does v. Syder*, 834 F.3d 696 (6th Cir. 2016); *State v. Bodyke*, 933 N.E.2d 753 (Ohio 2010); *State v. Williams*, 952 N.E.2d 1108 (Ohio 2011). (Doc. No. 12.)

On September 30, 2020, DeNoma filed a Motion for Judicial Notice of Continuing Deprivation of Civil Rights and a Motion for Summary Judgment. (Doc. Nos. 13, 14.)

## II. Jurisdiction & Cognizability

**A.    Legal Standard**

For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); see also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). The Supreme Court has interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490-91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (per curiam). Custody is determined at the time the habeas corpus application is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Release from custody does not defeat jurisdiction if the petition was filed before the sentence expired, but federal courts may not hear a habeas petition challenging a sentence which expired prior to the filing of the petition. *See Ward v. Knoblock*, 738 F.3d 134, 138 (6th Cir. 1984) ("This gradual movement towards a more liberal construction of the

"in custody" requirement has not gone so far, however, as to bring within the jurisdiction of the writ a petitioner who has fully served the sentence under attack, and is no longer in any meaningful sense in the custody of the state which imposed that sentence.")

*Maleng* addressed the habeas petition of a federal prisoner who filed a § 2254 petition that facially attacked a 1958 Washington state conviction whose sentence had expired. *Id.* at 489 90, 109 S.Ct. 1923. The habeas petitioner[4] argued that his prior state conviction had been used illegally to enhance the state sentences that he would serve immediately following the expiration of a federal sentence that he was currently serving. *Id.* at 490, 109 S.Ct. 1923. The Supreme Court held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."[5] *Id*. at 492, 109 S.Ct. 1923. The Court gave examples of other collateral consequences that did not constitute "custody" for habeas purposes, including "inability to vote, engage in certain businesses, hold public office, or serve as a juror." *Id.* at 490 U.S. 491-92.

Following this guidance, in *Hautzenroeder v. DeWine*, the Sixth Circuit held that the statutorily mandated obligations of Ohio's Sex Offender Registration and Notification Act

---

[4] Because the state was appealing a Ninth Circuit decision which found in favor of the habeas petitioner, the habeas petitioner was referred to as the "respondent" throughout the *Malang* decision. However, for clarity, he is referred to as "the habeas petitioner" here.

[5] The Court in *Malang* permitted the respondent to proceed on the merits, because it liberally construed the *pro se* petition as an attack on the state sentence that the habeas petitioner had yet to serve. *Id*. at 493, 109 S.Ct. 1923. The Court concluded that the habeas petitioner met the "in custody" requirement because his later state sentence was ensured by a detainer directing him to be returned to state authorities when his federal sentence expired. *Id.*

("SORNA") are not "custodial" for habeas purposes.[6] *Hautzenroeder v. Dewine*, 887 F.3d 737, 741-43 (6th Cir. 2018). The Court noted that it was irrelevant to this inquiry whether the retroactive imposition of these obligations was punitive for the purposes of *ex post facto* analysis, which is the core of DeNoma's substantive argument in our case. *Id.* at 744. It explained that these two distinct issues "pose different legal questions. *Ex post facto* analysis asks whether a law imposes a punishment. The habeas custody inquiry asks whether the petitioner is subject to a 'severe restraint[] on individual liberty.'" *Id.* at 744 (internal citations omitted).

**B.    Application to Petitioner**

DeNoma argues that under Sixth Circuit law, retroactive sex offender registration requirements under SORNA violate his constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments, as well as violate the Separation of Powers provision in Article I. (Doc. No. 1 at 5-10.)

Respondent asserts that although DeNoma had not yet completed his maximum sentence at the time he filed this petition, he failed to satisfy the jurisdiction requirement because he failed to "tie the requirements together" by showing that he was both "in custody" at the time the petition is filed, and that his habeas petition challenges the conviction or sentence which resulted in the unconstitutional custody. (Doc. No. 9 at 8, citing *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973).)

Many of the cases Respondent cited differ from our case because they involve petitioners

---

[6] Defendant in this case leans heavily on *Leslie v. Randle*, an earlier Sixth Circuit case that applied the same analysis to the prior version of Ohio's sexual offender notification requirement. (Doc. No. 9 at 10, citing *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002).) Because Ohio's law was revised significantly after that decision, the Sixth Circuit felt it necessary to do a new analysis, which it did in *Hautzenroeder*.

9

who challenged SORNA registration requirements after their underlying sentence had fully expired. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989) (The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under § 2254(a).) DeNoma was undisputably subject to ODRC control on January 22, 2020, when he filed this petition.[7] It is also undisputed that his maximum sentence is now complete, and he is no longer under the custody or supervision of the Ohio Department of Rehabilitation and Corrections. (Doc. No. 9-1 at Ex. 22.)

However, as Respondent notes, being "in custody" for purposes of a habeas petition that challenges the underlying criminal conviction or sentence does not mean that DeNoma has satisfied the "in custody" requirement for purposes of this petition, which challenges a collateral consequence of that conviction.[8] (Doc. No. 9 at 10.) Respondent argues that habeas jurisdiction is not appropriate in this case because DeNoma does not challenge his underlying guilty pleas or convictions for gross sexual imposition, rape and felonious sexual penetration, which served as the basis for his imprisonment and post-release supervision. Instead, all four grounds for relief in DeNoma's habeas petition challenge his state-law classification as a sexually-oriented offender and the attached SORNA registration requirements, which he asserts are violations of the *ex post facto*,

---

[7] However, as explained below, the Sixth Circuit has found that a petitioner challenging only his classification - not his underlying conviction or sentence - under the prior version of Ohio's sexual offender registration requirement was not "in custody" under the habeas statute. *Lewis v. Randle,* 36 F. App'x. at 780-81.

[8] It is also undisputed that, on February 4, 2020, DeNoma completed his maximum sentence and was released from the custody of the Ohio Department of Rehabilitation and Corrections. (Doc. No. 9-1 at Ex. 22.) Therefore, even if the Court were to find that DeNoma was in custody at the time he filed the petition, it would now be moot since Sixth Circuit precedent makes clear that the registration requirements of SORNA are non-custodial, as discussed below.

10

equal protection, and double jeopardy clauses, as well as a violation of his 8th Amendment right to be free from cruel and unusual punishment.

It is clear that the SORNA registration requirements do not, by themselves, constitute custody for purposes of a habeas petition. SORNA registration requirements are defined by Sixth Circuit precedent as a collateral consequence to a criminal conviction. *Leslie v. Randle*, 296 F.3d 518, 521-522 (6th Cir. 2002); *Bailey v. Wainwright,* 951 F.3d 343, 346 (6th Cir. 2020). In *Hautzenroeder v. Dewine,* 887 F.3d 737, 741 (6th Cir. 2018), the Sixth Circuit expressly held that Ohio's SORNA registration requirements do not constitute custody for the purposes of a habeas petition, explaining that "even grievous collateral consequences stemming directly from a conviction cannot, without more, transform the absence of custody into the presence of custody."

Respondent's argument relies on the Sixth Circuit's recent decision in *Bailey v. Wainwright,* which addressed a habeas petition that alleged the Ohio Parole Board violated the petitioner's right to due process by relying on inaccurate records about the nature of his underlying murder conviction. *Bailey v. Wainwright,* 951 F.3d 343 (6th Cir. 2020). Like the Petitioner in our case, petitioner Bailey was indisputably "in custody" at the time he filed his petition, but his challenge was not based on the convictions or sentences that caused him to be in custody. Rather, the Sixth Circuit explained that Bailey's petition presented "a different problem a prisoner who does not purport to be in custody in violation of federal law, but who is in custody, complains of an unconnected violation of federal law, and claims a right to proceed all the same under § 2254(a)." *Id.* at 346. The Court acknowledged that Bailey satisfied each of the requirements for habeas jurisdiction in isolation: he was "in custody" because he was serving a life sentence for murder, and his petition claimed that Ohio had violated his Fourteenth Amendment due process rights. *Id.*

11

However, the Court affirmed the dismissal of Bailey's petition because he failed to show the requisite causal link between these two elements. As the Court explained, "Bailey does not contend that he is in custody in violation of federal law   in other words, that he is in custody due to a violation of federal law. At its core, Bailey's petition alleges only that he has been deprived of an accurate parole record in violation of federal law. That kind of claim falls outside § 2254(a)'s domain." *Id.* The Court identified § 1983 as a more appropriate venue for this type of claim.

Instead of revocation of parole, which was at issue in *Bailey,* DeNoma's alleges that the state's sexual offender registration determination and its attached registration requirements (as opposed to his criminal conviction), violate his constitutional rights. In *Leslie v. Randle*, 296 F.3d 518, 521-522 (6th Cir. 2002), the Sixth Circuit considered a similar case and determined that these claims, like the parole revocation in *Bailey*, fall outside § 2254(a)'s domain. Like DeNoma, Leslie was incarcerated at the time he filed his petition.[9] *Id.* at 519. Like DeNoma, petitioner Leslie pled guilty to multiple charges, including rape. *Id.* Like DeNoma, petitioner Leslie challenged the retroactive application of Ohio's SORNA registration requirements. *Id.* at 520. The *Leslie* Court explained that the district court properly denied his writ because, like DeNoma, "[a]lthough Leslie is currently incarcerated, he is not seeking relief from the conviction or sentence upon which his confinement is based. He claims instead that, as it applies to him, Ohio's sexual-predator statute is unconstitutional." *Id.* at 522. It further explained:

> The Ohio Supreme Court has also held that the sexual-predator statute is remedial as opposed to punitive in nature. *State v. Cook*, 83 Ohio St.3d 404, 700 N.E.2d 570, 585 (Ohio 1998) (holding that the Ohio sexual-predator statute "serves the solely remedial purpose of protecting the public" and that "there is no clear proof that [the

---

[9] Unlike DeNoma, petitioner Leslie remained incarcerated during the entire pendency of his habeas petition. *Leslie v. Randle*, 296 F.3d 518, 519 (6th Cir. 2002).

12

statute] is punitive in its effect"). Although "the 'in custody' requirement may be satisfied by restraints other than criminal punishment," *Williamson*, 151 F.3d at 1184, the Ohio Supreme Court's conclusion that the sexual-predator statute is a form of civil regulation provides additional support for our conclusion that the classification, registration, and community notification provisions are more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole. *Compare Carafas v. LaVallee*, 391 U.S. 234, 237 & n. 6, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) (referring to the loss of the right to vote and the ability to serve as a juror as "collateral consequences" of a conviction) with *Jones,* 371 U.S. at 241-42, 83 S.Ct. 373 (holding that a prisoner released on parole from immediate physical confinement was nonetheless sufficiently restrained in his freedom of movement as to be "in custody" for the purposes of federal habeas corpus). We therefore conclude that Leslie's petition for a writ of habeas corpus was properly denied.

*Id.* at 522-23.

Following *Bailey* and *Leslie*, DeNoma's Petition, too, must be dismissed for lack of jurisdiction. DeNoma attempts to distinguish his case by drawing from *Doe v. Snyder*, which is not a habeas corpus case, but was brought under 42 U.S.C. § 1983, and therefore does not discuss the habeas custody analysis at issue here. *Doe* serves to defeat the "capable of repetition but incapable of review" exception to the "in custody" rule for habeas jurisdiction, because it shows that these restrictions can be subject to judicial review by other means.

DeNoma's designation as a sexually-oriented offender and the accompanying registration requirements pursuant to Ohio Revised Code §2950.01 *et seq.* are collateral consequences of his conviction that do not satisfy the "in custody" requirement for federal habeas corpus relief. *Hautzenroeder*, 887 F.3d at 741-43 (6th Cir. 2018). Further, although he was in custody at the time he filed his petition, the petition does not allege that the criminal conviction or sentence were "in violation of the Constitution or laws or treaties of the United States." Instead, he challenges his designation as a sexually-oriented offender and the related SORNA reporting requirements, which

13

are collateral consequences of his conviction that do not satisfy the "in custody" requirement for federal habeas corpus relief. *Leslie,* 296 F.3d at 522-23. Therefore, because DeNoma fails to satisfy the statutory "in custody" requirement to proceed with his habeas petition, and the underlying controversy could be properly addressed through other legal action, the Court recommends that the habeas petition be dismissed with prejudice for lack of jurisdiction.

### III. Cognizabilty

**A.   Legal Standard**

A federal court has jurisdiction to consider a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody in violation of the Constitution or laws or treaties of the United States*." 28 U.S.C. § 2254 (emphasis added). *See also Leslie*, 296 F.3d at 521. The Sixth Circuit has held that the classification of a defendant as a sexual predator[10] is a collateral disability resulting from a conviction and, thus, does not satisfy the 'in custody' requirement of federal habeas corpus. *See Leslie*, 296 F.3d at 523 (finding court laked jurisdiction to grant relief on claim challenging petitioner's adjudication as a sexual predator under Ohio's sexual-predator registration statute because such classification is a "collateral consequence" of conviction and does not constitute a "severe and immediate restraint on his liberty sufficient to satisfy the 'in custody' prerequisite for federal habeas corpus review"). *See also Thomas v. Morgan*, 109 F. Supp.2d 763, 767 (N.D. Ohio 2000); *Fisher v. Frizzell,* 2:18cv627, 2018 WL 5784548 at *1-2 (S.D. Ohio Nov. 5, 2018); *Doty v.*

---

[10] DeNoma's designation is less severe, as he is designated a sexually-oriented offender, not a sexual predator. Ohio Revised Code § 2950.01 defines "sexually-oriented offender" as a person who has been convicted of, or pleaded guilty to, committing a sexually oriented offense, but who has not been designated as a sexual predator or habitual sex offender.

*Warden, Toledo Correctional Inst.,* 1:12cv239, 2013 WL 429100 at * 7 (S.D. Ohio Feb. 1, 2013); *Moviel v. Smith*, 1:08cv1612, 2010 WL 148141 at * 2 (N.D. Ohio Jan. 12, 2010); *Bevins v. Brunsman*, 1:08cv520, 2009 WL 5612338 at *12 (S.D. Ohio Dec. 17, 2009); *Booker v. Anderson*, 1:06cv1080, 2007 WL 1731282 at *6 and n.8 (N.D. Ohio June 14, 2007).

### B. Application to Petitioner

Respondent asserts that although DeNoma "labels his challenge as involving constitutional issues, the crux of DeNoma's challenge only involves the state law issue of when and how he was classified a sexually oriented offender under Ohio's statutory scheme," which are violations of state law and not cognizable grounds for a habeas petition. (Doc. No. 9 at 12.) This argument involves many of the same elements the jurisdiction issue.

As other courts in this District have explained:

> Since a petitioner is not "in custody" for purposes of habeas review by virtue of the fact that he was classified as a sexual predator and as a result must register upon release from prison, there is no "illegal custody" to remedy. As such petitioner's claims are not cognizable in federal habeas corpus.

*Thomas v. Morgan,* 109 F. Supp. 2d 763, 768 (N.D. Ohio 2000). As discussed in section A, *supra,* a habeas petition under § 2254 provides legal remedy to a Petitioner who is "in custody" in a way that violates the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Therefore, claims that do not involve such "illegal custody" are non-cognizable in § 2254 habeas petitions.

Although DeNoma was incarcerated at the time he filed his habeas petition, he was not "in custody" by virtue of the fact that he is classified as a sexually-oriented offender who must register with authorities upon his release from prison, for the reasons explained above. *See Leslie*, 296 F.3d at 523 (finding that "[a]lthough Leslie is currently incarcerated, he is not seeking relief from the

15

conviction or sentence upon which his confinement is based," but, rather, is seeking relief from his sexual predator classification, which is not cognizable on federal habeas review). *See also Moviel*, 2010 WL 148141 at * 2 (finding that, even if habeas petitioner is currently incarcerated, a challenge to his adjudication as a sexual predator fails to satisfy the "in custody" requirement necessary to obtain habeas relief.) It is well established that DeNoma's designation as a sexually-oriented offender is a collateral consequence of his conviction and does not satisfy the "in custody" requirement for federal habeas corpus relief. *Id*. Therefore, because DeNoma's grounds for relief only challenge his sexual predator classification, the Court finds they are not cognizable on federal habeas review and should be denied.

### IV. Non-Dispositive Motions

**A.      Motion for Appointment of Counsel**

DeNoma also requests this Court appoint counsel. (Doc. No. 11.) A petitioner in a habeas proceeding generally has no constitutional right to counsel. *See Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). However, a district court must appoint counsel for an indigent petitioner when an evidentiary hearing is required or when necessary for the petitioner's effective utilization of discovery.[11]   *See* 28 U.S.C. § 2254 Rule 6(a) (2014). In all other circumstances, the court has considerable discretion in deciding whether to appoint counsel.[12] In deciding whether to grant a

---

[11]   In addition, an indigent petitioner seeking to vacate or to set aside a death sentence has a statutory right to appointed counsel, as well as expert and investigative services. 18 U.S.C. § 3599(a)(2). Here, however, DeNoma is not seeking to vacate or set aside a death sentence.

[12] *See* 28 U.S.C. § 2254(h) ("Appointment of counsel under this section shall be governed by section 3006A of title 18."). 18 U.S.C. § 3006A(a)(2)(B) provides in part: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under [§ 2254]."

16

petitioner's motion for appointment of counsel, a court should consider the following factors: (1) whether the merits of the claim are colorable; (2) the ability of the indigent to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint. *See Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). *See also Ruffin v. Lazaroff*, No. 5:15cv2718, 2016 WL 7974123 at * 16 (N.D. Ohio Nov. 1, 2016).

DeNoma does not offer any specific reasons why he believes he is entitled to appointment of counsel. He does not assert he labors under disabilities unusual for a *pro se* petitioner; nor are the issues raised in his Petition unusually complex. Further, as set forth *supra,* the Court believes the Court lacks jurisdiction over this petition, and that the claims therein are noncognizable. Accordingly, DeNoma's motion for appointment of counsel is DENIED.

**B.    Motions for Judicial Notice**

DeNoma's first Motion for Judicial Notice asks the Court to take judicial notice of prior decisions in *Does v. Syder*, 834 F.3d 696 (6th Cir. 2016); *State v. Bodyke*, 933 N.E.2d 753 (Ohio 2010); *State v. Williams*, 952 N.E.2d 1108 (Ohio 2011). (Doc. No. 12.) His second Motion for Judicial Notice asks the Court to take Judicial Notice of the fact he remains subject to designation as a sexually-oriented offender and the related SORNA reporting requirements. (Doc. No. 13.) These motions present caselaw that is already known to the Court, and reassert the issues raised in his Petition and Traverse. As set forth *infra*, the Court has fully considered and reviewed DeNoma's arguments in the context of reviewing the Petition, Motion to Dismiss, and Traverse as a whole.

Accordingly, DeNoma's "Motions for Judicial Notice" (Doc. Nos. 12 & 13) are DENIED.

### V. Motion for Summary Judgment

DeNoma contends he is entitled to summary judgment on the pleadings because Respondent failed to answer his Petition, instead filing a Motion to Dismiss relying on precedent, which DeNoma refers to as "arbitrary custom." (Doc. No. 14 at 1.) However, as discussed *supra,* Respondent's Motion to Dismiss is well-taken, and, it is recommended DeNoma's Motion for Summary Judgment on the Pleadings (Doc. No. 14) be DENIED.

### VI. Conclusion

For all the reasons set forth above, DeNoma's Motion for Appointment of Counsel (Doc. No. 11) and Motions for Judicial Notice (Doc. Nos. 12 & 13) are DENIED.

In addition, it is recommended that the Petition be DISMISSED, and the Motion for Summary Judgment be DENIED as moot.


Date: October 8, 2020  *s/ Jonathan Greenberg*
Jonathan D. Greenberg
United States Magistrate Judge

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).