UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANTHONY J. DENOMA,<br><br>Petitioner,<br><br>vs.<br><br>OHIO DEPARTMENT OF REHABILITATION AND CORRECTION,<br><br>Respondent. | CASE NO. 3:20-cv-00227<br><br>ORDER<br>[Resolving Docs. 1, 9, 14, 17] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Petitioner Anthony J. DeNoma was released from Ohio custody on February 4, 2020, after serving 25 years for sexual misconduct crimes.[1]

On January 22, 2020, just before his release, Petitioner filed a 28 U.S.C. § 2254 habeas petition.[2] Petitioner also moved for summary judgment.[3] The Government filed a motion to dismiss the petition on cognizability and jurisdictional grounds.[4] After briefing, Judge Greenberg filed a report and recommendation ("R&R").[5] Petitioner objects to the R&R.[6]

For the following reasons, the Court **ADOPTS** the report and recommendation and **OVERRULES** Petitioner's objections. The Court **DISMISSES WITH PREJUDICE** DeNoma's

---

[1] Doc. 15 at 1, 5.
[2] *Id.* at 5; Doc. 1.
[3] Doc. 14.
[4] Doc. 9.
[5] Doc. 15.
[6] Doc. 16.

petition and **DENIES AS MOOT** DeNoma's motions for summary judgment and equitable tolling.

## I. Background

In 1995, Petitioner DeNoma pled guilty in Ohio to gross sexual imposition, rape, and felonious sexual penetration.[7] The trial court sentenced him to a total of 10-to-25 years' incarceration.[8]

Petitioner DeNoma did not seek direct review of his conviction or sentence.[9]

In 2001, the Ohio trial court determined that under Ohio law, DeNoma was not a "sexual predator."[10] In 2008, Petitioner DeNoma successfully avoided Ohio Revised Code §2950.11(F)(2)'s community notification requirement. The Hamilton County Court of Common Pleas found that he was not subject to the community notification requirement but was required to "register as a Tier III offender as set out in Ohio Revised Code §§ 2950.04, 2950.05 and 2950.06."[11] Petitioner appealed this registration decision without success.[12]

After 2008, Petitioner unsuccessfully sought to challenge his classification and filed a delayed appeal of his conviction. Judge Greenberg detailed this procedural history in his R&R, culminating with Petitioner's February 2020 habeas petition.[13]

Petitioner DeNoma alleged four grounds for habeas relief. He argued (1) he was *ex*

[7] Doc. 15 at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.* at 3.
[12] *Id.*
[13] *Id.* at 4–5.

*post facto* deprived of his constitutional rights because he would not have been required to register as a sex offender under the law in 1995 when he pled guilty; (2) he was deprived of his constitutional due process rights when he was required to register as a sex offender and, he alleges, denied good-time sentence deductions to which he was entitled; (3) he was deprived of constitutional double jeopardy protections because he faced "multiple successive proceedings and administrative actions conducted by both the State and the County of Hamilton;" and (4) his Eighth Amendment rights were violated by "excessive imprisonment."[14]

Judge Greenberg's R&R thoroughly explained that a habeas petitioner must be in custody to file a habeas petition and that the Sixth Circuit ruled that statutory requirements to register under Ohio's Sex Offender Registration and Notification Act ("SORNA") do not satisfy the custody requirement for habeas purposes. The petitioner must be "in custody" for the conviction or sentence under attack.[15] Even though he was "in custody" when he filed for "purposes of a habeas petition that challenges the underlying criminal conviction or sentence," DeNoma was not "in custody" for "purposes of this petition, which challenges a collateral consequence of that conviction."[16] The Court does not have

[14] *Id.* at 5–6.

[15] *Id.* at 7–9 (citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) and *Hautzenroeder v. Dewine*, 887 F.3d 737, 741-43 (6th Cir. 2018)). Pertinent to Petitioner's objections, the R&R explained that this cognizability issue is not an *ex post facto* issue:

> The Court [in *Hutzenroeder v. Dewine*] noted that it was irrelevant to this inquiry whether the retroactive imposition of these obligations was punitive for the purposes of *ex post facto* analysis, which is the core of DeNoma's substantive argument in our case. . . . It explained that these two distinct issues "pose different legal questions. *Ex post facto* analysis asks whether a law imposes a punishment. The habeas custody inquiry asks whether the petitioner is subject to a 'severe restraint[] on individual liberty.'"

Doc. 15 at 9 (citations omitted).

[16] Doc. 15 at 10.

jurisdiction over Petitioner DeNoma's claims.

The R&R explained that Petitioner DeNoma's claims are not cognizable, as well. As with the jurisdictional issue, DeNoma's sexually-oriented offender classification under Ohio law is a "collateral disability resulting from a conviction and, thus, does not satisfy the 'in custody' requirement of federal habeas corpus."[17]

Petitioner makes three objections to the R&R.[18]

## II. Discussion

### a. Legal Standard

The Federal Magistrates Act requires that a district court conduct a *de novo* review of objected-to portions of a report and recommendation.[19] The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[20]

### b. Petitioner's Objections to the R&R

To begin, Petitioner's objections can be overruled because they do not demonstrate that his habeas petition is not time-barred under the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations.[21]

#### i. Petitioner's First Objection

Petitioner's first objection states that his habeas petition seeks relief from his 1995

[17] *Id.* at 14–15 ("[A] habeas petition under § 2254 provides legal remedy to a Petitioner who is 'in custody' in a way that violates the Constitution or laws of the United States. . . . Therefore, claims that do not involve such 'illegal custody' are non-cognizable in § 2254 habeas petitions. Although DeNoma was incarcerated at the time he filed his habeas petition, he was not 'in custody' by virtue of the fact that he is classified as a sexually-oriented offender who must register with authorities upon his release from prison . . . .").

[18] Doc. 16.

[19] 28 U.S.C. § 636(b)(1).

[20] *Id.*

[21] 28 U.S.C. §2244(d); *see also* Doc. 9 at 13–18.

conviction, not the conviction's collateral consequences.[22] But he also says that he seeks relief "from actual subsequent successive Ex Post Facto governmental actions implementing unconstitutional punitive policies and customs . . . ."[23] Still, he asks the Court to reduce his sentence by restoring his alleged good-time and earned-credit sentence reductions.[24]

Even reviewing his Traverse as cited in his Objection,[25] DeNoma's argument is unclear. Petitioner has not provided facts beyond conclusory statements to show that he was entitled to or deprived of sentence reduction credits. He does not indicate a state court judgment related to good time credits that he seeks to challenge.[26] He cites case law but does not show how it relates to his case.[27]

While the deprivation of good time credits can sometimes be legitimately addressed in a federal habeas petition, that is not the situation here.[28] The rules that govern habeas petitions require a petitioner to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." [29] DeNoma has not provided the necessary specificity to establish his claim.

[22] Doc. 16. at 3.

[23] *Id.* at 1.

[24] *Id.* at 3.

[25] *See* Doc. 10 at 10, 12–13.

[26] 28 U.S.C. § 2254(a).

[27] Doc. 16 at 3.

[28] *See, e.g., Hughes v. Birkett,* 173 Fed. Appx. 448, 449–50 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 487, 500 (1973)) ("A federal constitutional violation in a prison misconduct proceeding that results in the loss of good time credit can only be remedied through a writ of habeas corpus. . . . Prisoners are 'in custody' for the purposes of 28 U.S.C. § 2254 if they 'alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal physical confinement, i.e., that once their conditional-release date had passed, any further detention of them in prison was unlawful[.]' . . . Thus, in order for this court to have jurisdiction over Petitioner's claim, the loss of good time credit he alleges must result in him being confined for longer than he otherwise would be."). In this instance, Petitioner DeNoma has not provided any evidence that he was eligible for or deprived of—by a prison misconduct hearing or otherwise—good time credit.

[29] 28 U.S.C. § 2254, Rules Governing Section 2254 Proceedings, Rule 2(c).

**ii. Petitioner's Second Objection**

Petitioner's second objection states that DeNoma sought to withdraw his 1995 guilty pleas in 2014.[30] Petitioner recounts other filings he made in the last five years, as well.[31] Petitioner appears to contend that his cases were not properly considered.[32]

These statements, however, do not refute the analysis in Judge Greenberg's R&R.

A federal habeas petition does not serve as an alternative appeal process to contest state court decisions.[33] As with Petitioner's first objection, Petitioner DeNoma's recitation of previous litigation does not rebut the R&R's determination that the present habeas petition is non-cognizable and that this Court lacks jurisdiction to address his claim.

**c. Petitioner's Third Objection**

Petitioner's third objection generally restates his initial habeas claims. It focuses on his arguments regarding Ohio's sex offender registration requirements, but DeNoma also denies (without more explanation) that he seeks relief from collateral consequences of his conviction. DeNoma says that he is not seeking relief from collateral consequences of his convictions, but rather he seeks relief from "excessive, subsequent successive additional Ex Post Facto government actions."[34]

This objection does not convince the Court that the R&R incorrectly interpreted the law or incorrectly applied it to Petitioner's habeas claim. As Judge Greenberg explained, Petitioner DeNoma's *ex post facto* arguments do not address the fact that he was not "in

[30] Doc. 16 at 3–4.
[31] *Id.* at 4.
[32] *Id.*
[33] *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011).
[34] Doc. 16 at 5.

custody" for the purposes of this habeas petition.[35] A habeas petition is not the way to address DeNoma's complaints against Ohio's sex offender registration requirements.[36]

### d. Petitioner's Motions for Summary Judgment and Equitable Tolling

The Court denies as moot Petitioner's motions for summary judgment[37] and equitable tolling[38] in light of the fact that the Court finds Petitioner DeNoma's habeas petition non-cognizable and outside of this Court's jurisdiction.

## III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the report and recommendation and **OVERRULES** Petitioner's objections. The Court **DISMISSES WITH PREJUDICE** DeNoma's petition and **DENIES AS MOOT** DeNoma's motion for summary judgment.

IT IS SO ORDERED.

Dated: March 30, 2021

*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

[35] Doc. 15 at 9–11.

[36] As for Petitioner DeNoma's *Does v. Snyder* citation, Doc. 16 at 5, Judge Greenberg explained the *Does v. Snyder* was not a habeas case, but a different type of case altogether: "DeNoma attempts to distinguish his case by drawing from *Doe[s] v. Snyder*, which is not a habeas corpus case, but was brought under 42 U.S.C. § 1983, and therefore does not discuss the habeas custody analysis at issue here." Doc. 15 at 13 (discussing *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016)).

[37] Doc. 14.

[38] Doc. 17.